IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL R. CUNNINGHAM II,

               **Plaintiff,**

     v.                                          CASE NO. 19-3030-SAC

FRANKLIN COUNTY JAIL, et al.,

               **Defendants.**

## O R D E R

This matter is before the Court on two motions filed by Plaintiff: (1) Motion Requesting an Order for Transfer (ECF No. 5); and (2) Motion to Correct Defendant's Name (ECF No. 6).

In his first motion, Plaintiff asks the Court to order his transfer out of the Franklin County Jail to a different facility. He states he is "concerned of his well being" and his rights continue to be violated at the jail.

Plaintiff is essentially seeking injunctive relief. To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004). A mandatory preliminary injunction, such as the one sought by Plaintiff, which

1

requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted). The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted.

In his second motion, Plaintiff asks the Court to correct one defendant's name on the docket sheet from "Matthew Zwiefle" to "Matt Zwiefel." Plaintiff's motion is granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Requesting an Order for Transfer (ECF No. 5) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Defendant's Name (ECF No. 6) is **granted**. The clerk of the court is directed to change Defendant Matthew Zweifle to Matt Zwiefel on the docket sheet.

**IT IS SO ORDERED.**

DATED: This 7th day of May, 2019, at Topeka, Kansas.

 **s/ Sam A. Crow **
 **SAM A. CROW**
 **U.S. Senior District Judge**