IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL R. CUNNINGHAM, II,

        Plaintiff,

v.                              CASE NO. 19-3030-SAC

FRANKLIN COUNTY JAIL, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Michael R. Cunningham II, currently a prisoner at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*.

**Nature of the Matter before the Court**

Plaintiff alleges officials of the Franklin County Detention Center (FCDC) were deliberately indifferent to his mental health needs and failed to protect him from other inmates. Plaintiff was remanded to the custody of FCDC on January 4, 2019, after his arrest. He alleges he informed officials of his history of mental health problems and that he was "experiencing excessive anxiety that would limit his ability to function appropriately around others in confinement." ECF No. 1, at 4. Plaintiff asked to be placed in protective custody or solitary confinement to "avoid conflict." *Id.* Grievances filed by Plaintiff as exhibits to his complaint indicate he was told there was not a single-man cell available, and other inmates "have been a priority for some reason." ECF No. 4, at 4. He further states he "almost had physical

1

altercations 3x's" and was moved to different cells each of those times. ECF No. 1-1, at 3. Plaintiff was assaulted by another inmate on January 29, 2019, suffering a concussion and scalp laceration requiring eight staples. ECF No. 1-1, at 7.

Plaintiff names as defendants five FCDC employees. He seeks compensatory damages totaling $150,000.

## Procedural Status

By order dated May 7, 2019, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim of a constitutional violation. *See* ECF No. 9. The Court found that Plaintiff failed to demonstrate the defendants were deliberately indifferent to a substantial risk of serious harm and therefore failed to state a claim for a violation of his Eighth Amendment rights. The Court further found the Franklin County Detention Center was an improper defendant to a § 1983 action and was subject to dismissal.

Plaintiff proceeded to file numerous responses to the show cause order. He also filed an amended complaint (ECF No. 13), wherein he dropped FCDC as a defendant and increased the amount of his request for relief to $150,000. At this point, the remaining defendants filed a motion to dismiss for failure to state a claim and a memorandum in support. ECF Nos. 18 and 19.

Plaintiff has filed responses to Defendants' motion, Defendants have filed a reply to Plaintiff's response to the motion to dismiss, and Plaintiff has filed a surreply. Defendant has also filed a motion to strike Plaintiff's surreply (ECF No. 33), a motion to strike two supplements to the amended complaint filed by Plaintiff (ECF No. 22), and a motion to strike a third supplement to the amended complaint (ECF No. 29).

**Motion to Dismiss**

Defendants argue the amended complaint should be dismissed for the same reasons the Court explained in the show cause order. Defendants further argue that they are entitled to qualified immunity.

**Plaintiff's Responses to the Show Cause Order and the Motion to Dismiss**

In his multiple responses to the show cause order and to the motion to dismiss, Plaintiff's primary argument is that he informed Defendants that his mental state was such that he needed to housed alone, and therefore, they could have prevented his injury. He further alleges Defendants not only ignored his warnings but deliberately placed him in an unsafe situation. ECF No. 15, at 1.

**Legal Standards**

**Rule 12(b)(6)**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *See id.* at 679. Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**Qualified Immunity**

Qualified immunity protects public officials who are required to exercise their discretion, shielding them from personal liability for civil damages. *Apodaca v. Raemisch*, 864 F.3d 1071, 1075-76 (10th Cir. 2017) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)). When a defendant asserts a qualified immunity defense, the plaintiff has a "heavy two-part burden" of establishing "(1) that the defendant's action violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." *Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018) (internal quotation marks omitted). Failure to satisfy either prong of this test will result in a grant of qualified immunity to the defendant. *Id.* In other words, if the right is not clearly established, a court may find qualified immunity without deciding the constitutionality of the conduct. *Apodaca,* 864 F.3d at 1076 (citing *Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009))**.**

Qualified immunity defenses are typically resolved at the summary judgment stage. However, district courts may grant motions to dismiss on the basis of qualified immunity. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). "Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Peterson v. Jensen,* 371 F.3d 1199, 1201 (10th Cir. 2004); *see also Behrens v. Pelletier,* 516 U.S. 299, 309 (1996) ("At [the motion to dismiss] stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.' On summary judgment, however, the plaintiff can no longer rest on the pleadings, and the court looks to the evidence before it (in the light

most favorable to the plaintiff) when conducting the [qualified immunity] inquiry." (citations omitted) (emphasis in original)).

Whether a right is "clearly established" is an objective test: "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Stearns v. Clarkson,* 615 F.3d 1278, 1282 (10th Cir. 2010)). "In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.*.

## Discussion

**Eighth Amendment**

The Court will not repeat its discussion of the legal standard for an Eighth Amendment failure to protect claim contained in the Order to Show Cause. *See* ECF No. 9. Nothing Plaintiff has filed in response to the show cause order or in response to Defendants' motion to dismiss alters the Court's conclusion that Plaintiff's allegations fail to demonstrate either that he was incarcerated under conditions posing a substantial risk of serious harm or that Defendants acted with deliberate indifference. As the Court stated in the show cause order, an arrestee telling jail officials he is anxious and needs to be housed alone because he has trouble getting along with others is not indicative of an excessive risk that the inmate will suffer serious harm. Moreover, when Plaintiff did have altercations with cellmates, Defendants did not ignore the situation but moved Plaintiff to a different cell three times. That is not indicative of deliberate indifference.

Furthermore, Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F.

App'x 553, 557 (10th Cir. 2013), citing *see Meachum v. Fano,* 427 U.S. 215, 228–29 (1976) and *Cardoso v. Calbone,* 490 F.3d 1194, 1197–98 (10th Cir. 2007); *see also Olim v. Wakinekona,* 461 U.S. 238, 245 (1983). Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility. *See Bell v. Wolfish,* 441 U.S. 520 (1979).

Plaintiff's amended complaint fails to demonstrate the defendants were deliberately indifferent to a substantial risk of serious harm and therefore fails to state a claim for a violation of Plaintiff's Eighth Amendment rights.

**Qualified Immunity**

Because one of the elements Plaintiff must show to overcome a qualified immunity defense is a constitutional violation, and because Plaintiff has failed to demonstrate that his constitutional rights have been violated, Defendants are entitled to qualified immunity. Therefore, Plaintiff's claims against them must be dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 18) is **granted**. The amended complaint is dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Supplements to Amended Complaint (ECF No. 22) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Supplement to Amended Complaint (ECF No. 29) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Surreply (ECF No. 33) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Response to Motion (ECF No. 36) is **denied**.

**IT IS SO ORDERED.**

DATED: This 28th day of February, 2020, at Topeka, Kansas.

                                     s/ Sam A. Crow_____
                                     **SAM A. CROW**
                                     **U.S. Senior District Judge**